UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AUXIANT,
        Plaintiff,

v.                                                      Case No. 15-CV-404

TOTAL RENAL CARE INC. d/b/a
SHEBOYGAN DIALYSIS,
        Defendant.

## DECISION AND ORDER

Plaintiff, Auxiant, an administrator of health care plans, brought this action in state court to recover payments made to defendant Total Renal Care Inc. d/b/a Sheboygan Dialysis ("Sheboygan"). Defendant, a health care provider, removed the case based on diversity of citizenship. Before me now are the parties' cross-motions for summary judgment.

### I. BACKGROUND

From July 2013 to May 2014, Sheboygan provided a patient, David M., with dialysis treatment. David's employer, Willman Industries, Inc. ("Willman"), provided a health insurance plan that covered dialysis. Auxiant administered the plan. Effective January 2014, Willman amended its plan such that it would only pay $10,000 per month for dialysis after the first three months. Sheboygan was not advised of the change and continued to treat David and submit claims to the health plan as it had done previously. Auxiant continued to pay for David's dialysis, and its payments exceeded the monthly cap. In June 2014, Auxiant discovered its error, advised Sheboygan that it had failed to apply the cap, and requested a refund of $86,693.97 in overpayments offset by

1

$10,263.27 in claims it had not yet paid. Sheboygan declined the request, and Auxiant commenced the present suit.

## II. DISCUSSION

I may grant summary judgment only if taking all facts in favor of the non-movant, no reasonable factfinder could find in its favor. The parties agree that the case is governed by Wisconsin law. Sheboygan argues that Auxiant's claims are barred by Wisconsin's voluntary payment doctrine, which "preclude[s] actions to recover payments that parties paid voluntarily, with full knowledge of the material facts, and absent fraud or wrongful conduct inducing payment." *Putnam v. Time Warner Cable of Se. Wis., Ltd. P'ship*, 649 N.W.2d 626, 631–32 (Wis. 2002) (quoting *Putnam v. Time Warner Cable of Se. Wis., Ltd. P'ship*, 633 N.W.2d 254, 258–59 (Wis. Ct. App. 2001)). Auxiant does not claim that it lacked knowledge of any material facts or that Sheboygan induced payment by fraud or wrongful conduct, and it continued to pay Sheboygan in full for David's dialysis. Thus, it would appear that the voluntary payment doctrine bars any recovery by Auxiant.

Auxiant argues that the voluntary payment doctrine only applies in cases of illegal or improper billing. Pl.'s Reply Br., ECF No. 29, at 4 (citing *MBS–Certified Pub. Accountants, LLC v. Wis. Bell, Inc.*, 809 N.W.2d 857, 864 (Wis. 2012)). This argument, however, conflates the doctrine itself with specific applications of the doctrine. *See, e.g.*, *MBS–Certified Pub. Accountants*, 809 N.W.2d 857; *Putnam*, 649 N.W.2d 626. The doctrine has been applied in a wide variety of contexts, such as "to bar repayment of a judgment erroneously paid to an attorney; to bar repayment of interest overpaid on a loan; and to bar repayment of taxes paid on property that was tax-exempt." *Putnam*,

649 N.W.2d at 632 (citations omitted) (citing *Gage v. Allen*, 61 N.W. 361 (1894); then citing *Burgess v. Commercial Nat'l Bank of Appleton*, 128 N.W. 436 (1910); and then citing *G. Heileman Brewing Co. v. City of La Crosse*, 312 N.W.2d 875 (Wis. Ct. App. 1981)).

Auxiant also argues that applying the doctrine here would not further its underlying purpose, which, according to Auxiant, is "to protect large utilities and other providers so that customers faced with what they believed to be illegal fees could not pay those fees without first noting there was some type of protest, only to come back years later and demand widespread repayment." Pl.'s Reply Br., ECF No. 29, at 5. But Auxiant too narrowly construes the reasons for the doctrine. One of the primary justifications is to "allow[] entities that receive payment for services to rely upon these funds and to use them unfettered in future activities." *Putnam*, 649 N.W.2d at 633 (citing *G. Heileman Brewing Co.*, 312 N.W.2d at 880). When a health care provider in good faith treats a patient, bills the patient's health insurer, and receives full payment of the amount billed it may use those funds without having to worry that the insurer will claw them back later because of its own mistakes in processing claims.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that plaintiff's motion for summary judgment (ECF No. 22) is **DENIED** and defendant's motion for summary judgment (ECF No. 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

3

Dated at Milwaukee, Wisconsin, this 13th day of September, 2016.

        s/ Lynn Adelman
        _____
        LYNN ADELMAN
        District Judge

4

Case 2:15-cv-00404-LA   Filed 09/13/16   Page 4 of 4   Document 32